UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE WALBERT** | ) | |
| | ) | **Case Number** |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| **RESURGENT CAPITAL** | ) | |
| **SERVICES, LP** | ) | **JURY TRIAL DEMANDED** |
| **&** | ) | |
| | ) | |
| **FINANCIAL RECOVERY** | ) | |
| **SERVICES, INC.** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Denise Walbert, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Denise Walbert, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA") and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in

abusive, deceptive and unfair practices and Invasion of Privacy by Intrusion Upon Seclusion.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Denise Walbert, (hereafter, Plaintiff) is an adult natural person residing at 40 Oakwood Lane, Jonestown, PA 17038. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Resurgent Capital Services, LP (hereafter, Defendant, Resurgent), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within but not limited to the Commonwealth of Pennsylvania and the State of South Carolina with a primary location at 15 South Main Street, Suite 600, Greenville, SC 29601.

6. Defendant, Financial Recovery Services, Inc., (hereafter, Defendant, Financial), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within but not limited to the Commonwealth of Pennsylvania and the State of Minnesota with a primary location at 4900 Viking Drive, Minneapolis, MN 55435.

7. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. **FACTUAL ALLEGATIONS**

8. In or around June, 2014, Plaintiff started to receive constant and continuous calls from Defendant, Resurgent, attempting to collect on an alleged debt said to be owed on a past due First Premier account.

9. Plaintiff was said to owe a balance of $938.37 on the above referenced account.

10. Plaintiff immediately informed Defendant, Resurgent that she had no recollection of the alleged account and requested validation.

11. Defendant, Resurgent, declined to send the Plaintiff anything informing her that she just needed to take care of the account right away.

12. Defendant, Resurgent, further stated that the account had not had a payment since 2007.

13. Despite continuing to tell Defendant, Resurgent, that she did not recognize the account, Defendant's agent, continued to demand that the Plaintiff make a full payment of $938.37 that day or work out payment arrangements.

14. Plaintiff was threatened that the calls from Defendant, Resurgent, would continue until she agreed to pay them.

15. On or about June 9, 2014, Plaintiff received calls from Defendant, Resurgent, at 9:42am, 1:54pm, and 6:49pm demanding payment.

16. On or about June 16, 2014, at 8:00am, and 8:43am, Defendant, Resurgent, called Plaintiff again looking for payment.

17. On or about June 23, 2014, Plaintiff received calls from Defendant, Resurgent, at 8:24am and 9:03am.

18. At about that time, Plaintiff requested to know why Defendant, Resurgent, was collecting for a debt that had not had a payment in nearly seven (7) years, when the statute of limitations in Pennsylvania is four (4) years.

19. Plaintiff was told that this did not matter and that Defendant, Resurgent, could continue to collect for as long as they needed to in order to get payment.

20. Despite never receiving anything in writing from Defendant, Resurgent, Plaintiff continued to receive three (3) to four (4) calls daily throughout the months of June and July, 2014.

21. On or about August 23, 2014, Plaintiff received notice from Defendant, Financial Recovery, now collecting on the same alleged debt referenced above.

22. Defendant, Financial Recovery, was asking for the same full balance of $938.37 to be paid immediately.

23. Around that same time, Plaintiff received her first call from Defendant, Financial Recovery, who insisted on knowing how the Plaintiff intended to get this debt paid off right away.

24. Plaintiff again requested validation of the alleged debt.

25. As with Defendant, Resurgent, Plaintiff was again denied validation of the alleged account.

26. Defendant, Financial Recovery, would only state that the debt now belonged to LVNV Funding and it had not had a payment since 2006.

27. Although the date of the last payment differed from what the Plaintiff was informed by Defendant, Resurgent, the account in question is still long past the statute of limitations in Pennsylvania.

28. As of the filing of this complaint, despite failing to send validation of the alleged debt, Defendant, Financial Recovery, continues to call the Plaintiff several times daily demanding full payment on this account.

29. The Defendants acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

30. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, the Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

31. At all times pertinent hereto, the Defendants were acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

32. At all times pertinent hereto, the conduct of the Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

*Plaintiff v. Resurgent and Financial Recovery*

33. The above paragraphs are hereby incorporated herein by reference.

34. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

35. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information, including the failure to communicate that the debt is disputed |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication (Resurgent) |

    §§ 1692g(b):   Collector must cease collection efforts until the debt is validated

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, for the following:

  a. Actual damages;

  b. Statutory damages pursuant to 15 U.S.C. § 1692k;

  c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  d. Such additional and further relief as may be appropriate or that the interests of justice require.

  d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

*Plaintiff v. Resurgent and Financial Recovery*

36. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

37. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendants are debt collector pursuant to 73 Pa. C.S. § 2270.3.

38. The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

39. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

40. The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

41. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

42. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

43. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III

## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW

## ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

*Plaintiff v. Resurgent and Financial Recovery*

44. The foregoing paragraphs are incorporated herein by reference.

45. Plaintiff and Defendants are "Persons" to 73 Pa. C.S § 201-2.

46. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

47. The actions of the Defendants, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a. Defendants misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b. Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c. Defendants failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

48. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

49. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

    a.    An Order declaring that Defendants violated the UTPCPL;

    b.    Actual damages;

    c.    Treble damages;

    d.    An award of reasonable attorney's fees and expenses and cost of suit; and

    e.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

*Plaintiff v. Resurgent and Financial Recovery*

50.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.    The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

52.    Pennsylvania further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Pennsylvania state law.

53.    The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

54. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

55. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

56. All acts of the Defendants were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

    a. Actual damages

    b. Statutory damages

    c. An award of reasonable attorney's fees and expenses and cost of suit; and

    d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: September 26, 2014**

**BY: */s/ Brent F. Vullings***
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff